UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN PAUL FILIPELLI, | Case No. 2:13-cv-00300-MMD-PAL |
| Plaintiff, | ORDER |
| v. | |
| NAPHCARE, et al., | |
| Defendants. | |

Plaintiff, who is an inmate incarcerated at the Clark County Detention Center, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* (dkt. no. 1).

I. **APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Based on the information regarding plaintiff's financial status, the Court finds that plaintiff is not able to pay an initial installment payment towards the filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments towards the full $350.00 filing fee when he has funds available.

II. **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard

under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.   SCREENING OF THE COMPLAINT**

Plaintiff brings this action against Doe defendants and Naphcare, which plaintiff describes as the medical contractor for the Clark County Detention Center. Plaintiff alleges that he was denied adequate healthcare during January and February of 2013. Plaintiff seeks monetary relief.

In Count I of the complaint, plaintiff alleges that he requested medical treatment for pain. (Complaint, at p. 4). Plaintiff asserts that Nephcare "ignored my request" and

///

"they simply masked the pain." Plaintiff alleges that he got no response to his demand for "outside access." (*Id.*).

In Count II of the complaint, plaintiff alleges that: "I have been asking Nephcare doctor John Doe #1 to please find the source of the pain and help stop it. This would include a cat scan and I have been denied this treatment." (Compl., at p. 5).

In Count III of the complaint, plaintiff alleges that on January 29, 2013, during sick call, he told doctor Doe defendant #1 that he tied socks around his head because his head was pounding. (Compl., at p. 6). Plaintiff asserts that the doctor told him it was his pulse and sent him away in pain. Plaintiff alleges that he took 6 ibuprofen tablets for the pain but that did not stop all of the pain. (*Id.*). Plaintiff alleges that a nurse came and went, without a prescription for him. (*Id.*).

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, the indifference to his medical needs must be substantial. "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of

4

medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

In this case, plaintiff has alleged that he had head pain and that he was treated by a doctor at the Clark County Detention Center. Although plaintiff states that he needs a CT scan, access to "outside" medical facilities, and prescription medication, plaintiff has merely expressed his disagreement with the diagnosis and treatment of the physician at the Clark County Detention Facility. This is insufficient to state a colorable claim for deliberate indifference to medical needs.

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of his complaint, if he can allege additional facts in good faith to state a viable claim. If plaintiff chooses to file an amended complaint, he is advised that an amended complaint supercedes the original complaint and therefore must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). Therefore, any amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit. Moreover, the amended complaint must be filed on the Court's approved prisoner civil rights form and must be entitled "First Amended Complaint."

///

///

## IV. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) without having to prepay the full filing fee is GRANTED. Plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of STEPHEN PAUL FILIPELLI, Inmate No. 604150 (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from plaintiff's account. The Clerk shall send a copy of this order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

IT IS FURTHER ORDERED that the complaint (dkt. no. 1-1) is DISMISSED with leave to file an amended complaint.

IT IS FURTHER ORDERED that if plaintiff chooses to file an amended complaint curing the deficiencies outlined in this order, the amended complaint shall be filed within thirty (30) days from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk SHALL SEND to plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original

complaint (dkt. no. 1-1).  If plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that if plaintiff fails to file an amended complaint in accordance with this order, this action will be dismissed with prejudice.

DATED THIS 30th day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE